Filed 11/25/14  P. v. Diaz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GEORGE DIAZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B252955<br>(Super. Ct. No. BA409606)<br>(Los Angeles County) |

George Diaz appeals from the judgment after appellant waived jury  and was convicted of making criminal threats (Pen. Code, § 422, subd. (a)).[1]  The trial court found that appellant had suffered a prior strike conviction (§§ 667, subds. (b)- (i); 1170.12, subds. (a) - (d)), a prior serious felony conviction (§667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)).   Before sentencing, the trial court denied appellant's motion to reduce the offense to a misdemeanor (§ 17, subd. (b)) and *Romero* motion (*People v. Superior Court* (*Romero* ) (1996) 13 Cal.4th 497) to strike the prior strike conviction.  Appellant was sentenced to seven years eight months state prison.

The evidence shows that on March 28, 2013, appellant lived with Rita G., picked up Rita's four-year-old daughter at school, and took her home.  When Rita got home from work, the apartment front door was locked and a window broken.  Rita's family broke down the door and found appellant drunk and passed out of the bed.  The daughter was crying and said that appellant had slapped her across the face.  Appellant awoke, was angry, and threatened to harm Rita.  As Rita fled the house, appellant shouted, "I'm going to catch you and

---

[1] All statutory references are to the Penal Code.

when I find you I'm going to destroy you," making a gun gesture with his hand.  Rita fled in a car as appellant (aka Gato) punched the car window and yelled, Playboys," a criminal street gang of which appellant is an active member.  Rita told the police that she was scared of appellant and did not want to testify against him.

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, counsel filed an opening brief in which no issues were raised.

On September 26, 2014, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On October 21, 2014, appellant filed a supplemental brief stating, among other things, that he was denied effective assistance of counsel. These contentions are not supported by the record (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333) nor has appellant made any showing that he was denied a fair trial.  (*United States v. Bagley* (1985) 473 U.S. 667, 678 [87 L.Ed.2d 481, 491]; *People v. Fudge* (1994) 7 Cal.4th 1075, 1102-1103.)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

2

Laura F. Priver, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Ann Krausz, Staff Attorney, for Appellant.

No appearance for Respondent.